UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR A. ZOLOTAREVSKY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF OHIO, et al., ) <br> ) <br> Defendants. ) | Civil Action No. <br> 10-40185-FDS |

# MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTIONS TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS

**SAYLOR, J.**

Plaintiff Victor Zolotarevsky, who currently resides in Shrewsbury, Massachusetts, has filed a complaint against the State of Ohio and the City of Ashtabula, Ohio, in this Court. Zolotarevsky is proceeding *pro se*. The nature of the dispute is not at all clear, but it appears to arise out of a property dispute in Ashtabula.

Defendant City of Ashtabula has filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim under Fed. R. Civ. P. 12(b)(1), (3), and (6). Defendant State of Ohio has filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Zolotarevsky, in turn, has moved for summary judgment in his favor under Fed. R. Civ. P. 56.

For the reasons set forth below, the motion to dismiss and for judgment on the pleadings will be allowed, and the motion for summary judgment will be denied.

I.  **Background**

The facts of the complaint, as gleaned from various pleadings submitted by plaintiff, appear to be essentially as follows.

Defendant City of Ashtabula is a political subdivision of the State of Ohio. The complaint alleges that the City "violated its own Rules and the regulations" by barring the plaintiff and his wife "from the repair and maintain [sic] their own house," "tolerated the violation of the Plaintiff's Civil Rights by its neighbor," and allowed "the Plaintiff's neighbor to block his kitchen window, promote the destruction of his property, and bar Plaintiff from the repair of his own house base [sic] on the Plaintiff and his wife's National Origin." (Complaint, ¶¶ 2,4). It also alleges that an employee in the City Solicitor's office [not identified] "engaged in the oral abuse against the Plaintiff encouraged by the prosecutor and the City Solicitor [similarly not identified] behind the closed door." (Complaint, ¶ 4).[1]

The complaint further alleges that plaintiff filed a suit in state court in Ashtabula in April 2008 against the owner of adjacent property. The lawsuit was dismissed on defendants' motion for summary judgment, plaintiff's appeal was not successful, and a disciplinary complaint against an attorney was likewise unsuccessful.

II.  **Analysis**

   A.  **Failure to State a Claim**

The complaint suffers from any number of deficiencies, beginning with the fact that it is largely incoherent. The legal claims appear to be that the State of Ohio and the City of Ashtabula

---

[1] The only individuals specifically identified are Ashtabula *County* Prosecutor Thomas L. Sartorini and Ashtabula *County* Court of Common Pleas Judge Alfred W. Mackey, who presumably are not City employees.

discriminated against plaintiff and his wife based on their national origin, thereby violating (1) the Equal Protection Clause of the Fourteenth Amendment and (2) the Civil Rights Act of 1964, 42 U.S.C. § 3605(b)(1)(A). For at least the following reasons, the complaint fails to state a claim upon which relief can be granted.

### 1. The State of Ohio Is Immune from Suit under the Eleventh Amendment

The Eleventh Amendment to the United States Constitution renders states immune from suits for money damages in federal court by private citizens. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Persons acting under color of state law may be sued under 42 U.S.C. § 1983 for violations of their federal constitutional rights. However, §1983 does not abrogate Eleventh Amendment immunity or otherwise impose liability upon a state. *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985); *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. 651 (1974). Among other things, a state is not a "person" as that term is used in §1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). The State of Ohio therefore cannot be sued in this Court for damages.

### 2. The Complaint Does Not Allege a Claim Against the City under *Monell*

While a governmental entity may be considered a "person" for purposes of § 1983, it cannot be held liable for the acts of its employees on a *respondeat superior* theory. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978); *Salcedo v. Town of Dudley*, 629 F. Supp. 2d 86, 104-05 (D. Mass. 2009). A governmental entity may, however, be held liable for constitutional violations if those violations are the result of an official policy or custom. *Id.* at 694. The local government's policy or custom must be "'the moving force of the constitutional violation' in

3

order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). Only where a municipality's conduct shows a "deliberate indifference" to the rights of its inhabitants can the conduct be properly thought of as a city "policy or custom" actionable under § 1983. *Jones v. Wellham*, 104 F.3d 620, 626 (4th Cir. 1997) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

The complaint here fails to identify or allege any such municipal policy or custom (and, indeed, alleges that the claim arises out of the city's failure to follow its own regulations). The claims against the City under § 1983 therefore fails to state a claim upon which relief can be granted.

### 3. The Complaint Does Not Allege a Plausible Violation of the Fourteenth Amendment

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 417 (3d Cir.2008) (quoting U.S. Const. amend. XIV, § 1). The "constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Lowe v. Scott*, 959 F.2d 323, 340 (1st Cir.l992) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990)).

The complaint here does not identify or allege any deprivation of life, liberty or property, apart from a vague allegation that plaintiff and his wife were prevented from repairing and maintaining their house over a period of eleven years. It appears that plaintiff contends that his

4

neighbor prevented him from properly maintaining the property, and his quarrel with the City is that it did not prevent the neighbor from doing so. Even assuming some form of wrongdoing by the City, the complaint fails to identify any due process to which plaintiff was entitled but denied. It therefore fails to state a claim.

### 4. The Complaint Does Not Allege a Violation of 42 U.S.C. § 3605

Title 42, United States Code, § 3605 prohibits certain forms of discrimination by "any person or other entity whose business includes engaging in residential real-estate related transactions." The facts alleged in the complaint do not support the claimed violation of that statute. Among other things, there is no allegation that the State's or the City's business "includes engaging in residential real estate-related transactions." The claims under § 3605 must therefore be dismissed for failure to state a claim.

## B. Lack of Personal Jurisdiction

According to the complaint, the underlying facts involve a dispute in Ashtabula, Ohio, concerning real property located in Ohio. The complaint alleges absolutely no connection between Ohio and Massachusetts, other than plaintiff's current residence.

The Due Process Clause of the Fourteenth Amendment imposes several requirements on a court's exercise of personal jurisdiction over an out-of-state defendant. *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005). For a Massachusetts court to exercise personal jurisdiction over out-of-state defendants, the defendants must have sufficient minimum contacts such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

When determining whether specific jurisdiction exists, the First Circuit breaks the

minimum contacts analysis into three categories – relatedness, purposeful availment, and reasonableness. *Adams v. Adams*, 601 F.3d 1, 5 (1st Cir. 2010).

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Adelson v. Hananel*, 510 F.3d 43, 49 (1st Cir. 2007). There is no basis for any assertion of personal jurisdiction under any of the prongs.

The claim in this case does not arise out of or relate to activities by the State of Ohio or the City of Ashtabula in Massachusetts (the "relatedness" prong). *See Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995) (to satisfy the "relatedness" test, the action must directly arise out of the specific contacts between the defendant and the forum state). The complaint alleges no facts that would suggest the State or the City "purposefully availed itself of the benefits of Massachusetts law." And there is no reason to believe that it would be "reasonable" to litigate matters concerning a Ohio property law dispute in a Massachusetts court.

Accordingly, this Court does not have personal jurisdiction over the defendants, and the claim must be dismissed.

### C. Lack of Venue

Even assuming that personal jurisdiction exists, venue in this district is improper. Neither of the two defendants reside in, or are otherwise located in, Massachusetts, and the complaint does not allege that any part of the events or omissions giving rise to the claim occurred in Massachusetts. *See* 28 U.S.C. § 1391(b). In fact, all of the events leading to the complaint

appear to have taken place in Ohio. Dismissal for improper venue is therefore appropriate.

### D. Other Motions

Plaintiff has moved for summary judgment in his favor. That motion will be denied as moot in light of the dismissal of the case.

Plaintiff's "motion to modify the first part of the complaint," treated as a motion to amend the complaint, will be denied on grounds of futility of amendment.

The motion for leave to permit Aaron Epstein to appear *pro hac vice* will be granted.

All other motions will be denied as moot.

## III. Conclusion

For the foregoing reasons,

1. The motion of the State of Ohio for judgment on the pleadings (# 28) is GRANTED;

2. The motion of the City of Ashtabula to dismiss (# 15) is GRANTED;

3. The motion of plaintiff Victor Zolotarevsky for summary judgment (# 20) is DENIED;

4. The motion of plaintiff Victor Zolotarevsky to modify the first part of the complaint (# 11) is DENIED;

5. The motion of the State of Ohio for leave to file an answer (# 26) is DENIED as moot;

6. The motion for leave to appear *pro hac vice* (# 29) is GRANTED;

7. The motion of the City of Ashtabula to strike objection (# 30) is DENIED as moot;

8. The motions of plaintiff Victor Zolotarevsky to request a criminal investigation (## 32, 33) are DENIED as moot; and

9. The motion of plaintiff Victor Zolotarevsky for an extension of time (# 34) is DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: August 9, 2011